FILED
SUPERIOR COURT
OF GUAM

2022 MAR -9 AM 11: 45

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JAPAN BUS LINES, LLC, | Civil Case No. CV0514-20 |
| Plaintiff, | |
| v. | DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| H.I.S. GUAM, INC., | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 13, 2021 for hearing on Plaintiff Japan Bus Lines, LLC.'s ("Plaintiff's") Motion for Summary Judgment ("Motion"). Attorney Joseph Razzano represents Plaintiff, and Phillip Torress represents H.I.S. Guam, Inc. ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Plaintiff's Motion.

## BACKGROUND

On July 23, 2020 Plaintiff filed a Complaint for Breach of Contract against Defendant. See Complaint for Breach of Contract ("Complaint") (Jul. 23, 2020). Defendant provides tour services for tourists visiting Guam, and in December of 2012, the parties entered into a contract in which Plaintiff was to provide bussing services for Defendant's customers. Id. at 2. Under the terms of this contract, Defendant was to pay Plaintiff two hundred twenty-three thousand dollars ($223,000.00) per month. Id. at 3. The contract was set to expire on March 31, 2021. Id. at 2.

However, in April, 2020, Defendant informed Plaintiff they were no longer willing to pay the amounts due under the contract. Id. at 4. Defendant's tour services cater primarily towards foreign tourists, and this market dropped considerably with the arrival of the Covid-19 pandemic on Guam in March, 2020. Plaintiff subsequently terminated the contract on May 27, 2020, deeming Defendant's non-payments a material breach. Id. at 4. Plaintiff requested $1,076,324.21 in damages, consisting of the April 2020 invoice, May 2020's prorated invoice, and expectation damages. Id. at 4-5.

On September 16, 2021, Plaintiff filed their Motion for Summary Judgment. Plaintiff requested summary judgment, claiming there was no genuine dispute over whether or not Defendant breached the contract. See Motion at 2-5 (Sep. 16, 2021). Plaintiff also claimed that Defendant cannot use a Frustration of Purposes defense to void the contract, believing Defendant implemented it as a sword rather than as a shield. Id. at 5-7.

On October 19, 2021, Defendant filed their Opposition to Plaintiff's Motion ("Opposition"). Defendant denied breaching the contract, claiming no payment was due following Plaintiff's non-performance. See Opposition at 4-6 (Oct. 19, 2021). Defendant also asserted a Frustration of Purposes defense, arguing that the Covid-19 pandemic excused their non-performance. Id. at 6-8.

On October 28, 2021, Plaintiff submitted their Reply to Opposition ("Reply"). Plaintiff reiterated Defendant's obligation to pay for bussing services regardless of the number of passengers. See Reply at 1-4 (Oct. 28, 2021). Plaintiff also argued that the Frustration of Purpose defense is inapplicable, as the contract's basic purpose was not destroyed and that the pandemic was foreseeable. Id. at 4-9.

The Court held a hearing on December 13, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I. **Legal Standard:**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

a matter of law." See *Hawaiian Rock Products Corp. v. Ocean Housing, Inc.*, 2016 Guam 4 ¶ 26 (quoting Guam R. Civ. P. 56(c)) (internal quotations omitted). "Genuine issues" are factual disputes requiring resolution by a fact-finder. See *Hayle v. Hemlani*, 2000 Guam 25 ¶ 20. "Material facts" are "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Id. at ¶ 20.

The court "must view the evidence and draw inferences in the light most favorable to the non-movant." Id. at ¶ 21 (internal citation omitted). "If the movant can demonstrate there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." Id. at ¶ 21 (internal citation omitted).

**II. Putting Defendant's Frustration of Purpose defense aside, there is no genuine dispute that Defendant breached the contract when it informed Plaintiff it would not pay the full amount due under the contract.**

"To establish a breach of contract, a plaintiff must prove (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff." See *Hemlani v. Hemlani*, 2015 Guam 16 ¶ 19.

**a. Defendant admits the existence of the contract and its amendments.**

For the first element, Defendant has admitted into entering into the contract with Plaintiff in which they were to pay two hundred twenty-three thousand dollars ($223,000.00) per month. See Answer to Complaint at 1 (Mar. 12, 2021). Defendant also admits the contract was to expire on March 31, 2021. Id. at 2 (letting the contract extension speak for itself).

**b. Plaintiff performed all obligations required by the contract.**

The contract and its amendments require Plaintiff to provide shopping and Agana Bay tours that operate according to specific timetables and route schedules. See Complaint at 2, Ex. A, B, C. (Jul. 23, 2020).

Plaintiff stopped providing these services in March of 2020. See Deposition of Shun Matsumoto ("Matsumoto Disposition") at 50, attached as Ex. B. to Declaration of Joseph Razzano (Sep. 16, 2021) ("Q: Now, you stopped providing the bus services in March of 2020, is that correct? A: Yes.). However, this stoppage was only in response to Defendant's requests to do so. Id. at 50 ("And that's because Mr. Yano told you to stop operation.").

Despite Defendant's requests to stop operations, Plaintiff was ready, willing, and able to provide these services. Id. at 53 ("Q: And if Mr. Yano called you on April 1 and told you to go pick up passengers for the buses, would you have done it? A: Yes, I would have."); Executive Order 2020-05 (Identifying transportation as an essential service not to be closed down). The Government did not force Plaintiff to stop providing services, and Plaintiff only stopped providing services once Defendant refused to accept them.

c. **Defendant breached the contract by refusing to pay amounts required under the contract.**

Plaintiff issued an invoice for April's payment due under the contract, but Defendant refused to pay, believing they did not need to pay when no services were rendered. See Deposition of H.I.S. Guam, Inc. ("H.I.S. Disposition") at 81, attached as Ex. A. to Declaration of Joseph Razzano (Sep. 16, 2021) ("The invoice that they sent us says for services for April, but we did not get any service at all, so we did not pay."). However, Defendant never received services only because Defendant told Plaintiff not to provide them. Id. at 81 ("Q: So the only person who told JPL to stop servicing the contract was H.I.S.. A: Correct. Q: Okay. Is there a provision in the contract, to your knowledge, that allows for that? A: No."). Defendant was required to pay Plaintiff a set amount of money each month, and their refusal to pay the full amounts due constitutes a breach of the terms of the contract.

**d. Plaintiff suffered damages caused by Defendant's refusal to pay amounts due under the contract. However, Defendant has not shown $1,280,861.54 in damages as requested.**

Under the contract, Plaintiff is due $223,000.00 every month regardless of how many passengers it transports during the previous month. See Complaint, Ex. D (Jul 23, 2020). By refusing to pay the amounts due, Defendant caused Plaintiff to suffer damages. Exactly one calendar year remained on the contract following Defendant's last payment to Plaintiff. See Complaint at 2-4 (Indicating the contract was to end on March 31, 2021 and the final payment was made for March, 2020).

Plaintiff requested $1,280,861.54 in damages, consisting of the April 2020 invoice ($223,000.00), May 2020's prorated invoice (179,828.71), and expectation damages (878,032.83). See Motion at 5 (Sep. 16, 2021).

It is clear Plaintiff did suffer some damages caused by Defendant's breach. Defendant never paid Plaintiff the $223,000.00 owed for the month of April, despite Plaintiff being ready, willing, and able to provide bussing services. After Defendant also failed to pay Plaintiff for the month of May, Plaintiff was forced to terminate the contract on May 27, 2020. See Complaint at 4 (Jul. 23, 2020). Plaintiff requests $179,828.71 in prorated income for the month of May. See Motion at 5 (Sep. 16, 2021). Plaintiff's 2019 profit under the contract was $878,032.83, so it's reasonable to assume their 2020 profit would be similar. See Exhibit 2 (Dec. 13, 2021).

However, problems arise when the Court looks at the Plaintiff's requested damages. The Plaintiff's requested damages ($1,280,861.54), is an increase over the $1,076,324.21 originally requested in the Complaint. See Complaint at 5 (Jul. 23, 2020). Plaintiff has failed to explain why the newly requested amount has increased over $200,000 from the original request.

Furthermore, the newly requested amount of $1,280,861.54 double counts profits for April and May, 2020. The $1,280,861.54 consists of both invoices for April and May 2020, as well as expectation damages for an entire year of lost profit.

See Motion at 5 (Sep. 16, 2021). Any expected profits for those months would be realized upon Defendant's invoice payments, making it improper to request a full year of expectation damages while also seeking invoice payments for part of that year.

The damages suffered remain a material fact in dispute, and Plaintiff must provide further information showing the true amount of damages suffered before the Court can make any ruling on the Complaint.

**III. Defendant has properly used the Frustration of Purposes defense as a shield rather than as a sword, creating genuine issues of material fact for a factfinder to determine.**

Despite Defendant's apparent breach of the contract, they assert that Frustration of Purposes excludes them from their contractual obligations. See Opposition at 6 (Oct. 19, 2021).

Under the Frustration of Purpose defense, "where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event, the nonoccurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or circumstances indicate to the contrary." See Restatement (Second) of Contracts § 261 (1981). However, "in order for the doctrine of frustration to apply, the purpose that is frustrated must have been a principal purpose of the party in making the contract, and the frustration must be so substantial and severe that it is not fairly to be regarded as within the risks that he assumed under the contract." Id.

It is clear that Defendant's principal purpose of entering the contract (supplying a tourist customer base with bussing services) was substantially frustrated given the onset of the Covid-19 pandemic. When the pandemic hit Guam, the Island declared a Public Health Emergency, which still remains in effect almost two years later. See Executive Orders 2020-03, 2022-02. Foreign countries effectively closed their borders to Guam, and the tourist market, alongside Defendant's customer base, completely disappeared in a matter of days. See Opposition at 5 (Oct. 19, 2021). Defendant's primary reason for entering the contract

ceased to exist since there were no longer tourists to provide bussing services for. This was due to an unforeseen event that neither party predicted nor addressed in the original contract or any of their following amendments.

Plaintiff argues Defendant improperly uses Frustration of Purposes as a sword, as the defense is only valid as a shield. See Motion at 5-7 (Sep. 16, 2021). Plaintiff cites to a case from Minnesota, in which a tenant leased property from the landlord for purposes of operating a bingo hall. See *Little Canada Charity Bingo Hall Ass'n v. Movers Warehouse, Inc.*, 498 N.W.2d 22, 23 (Ct.App.Minn. 1993). However, the landlord evicted the tenant when the tenant lost their charitable gaming license. Id. at 23. The court ruled that summary judgment was not appropriate, as the landlord used Frustration of Purposes as a sword following frustration of the other party's purpose rather than as a shield following frustration of their own purpose. Id. at 25.

But here the Defendant properly uses Frustration of Purposes as a shield, citing to their own purposes as being frustrated. See Opposition at 7-8 (Oct. 19, 2021). Defendant's principal purpose of entering the contract was to supply their tourist customer base with bussing services, and that purpose was frustrated when Defendant's customer base disappeared following the pandemic. The Defendant points to their own frustrated purposes for discharging their contractual duties, rather than any of Plaintiff's purposes. At bare minimum, the parties clearly dispute the purpose of the contract, creating a material dispute of fact to be resolved by a factfinder. Defendant's Frustration of Purpose defense must be determined by a trier of fact because it first requires the factfinder to evaluate the evidence and determine the purpose of the agreement.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED** this ___Mar.9,2022_____.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**